By Amendment No. 38 to the Alabama Constitution of 1901, § 124 of the Constitution was amended to provide in pertinent part: "The legislature shall have power to provide for and toregulate the administration of pardons, paroles, remissions of fines and forfeitures. . . . No pardon shall relieve from civiland political disabilities unless specifically expressed in thepardon." (Emphasis added.)
The people have given the legislature the power to pardon and the power to restore civil and political rights by specifically providing for this in the pardon. I can find nothing in the Constitution that gives the judiciary the power or the right to overrule the exercise of this legislative power. Whatever common law rights the judiciary had to regulate pardons or to condition them, if any, have been preempted by the Constitution. Under the separation of powers doctrine (§§ 42 and 43, Constitution), which this Court has recently rediscovered and applied ex mero motu, ex proprio motu, and suasponte to strike down an act of the legislature (Armstrong v.Roger's Outdoor Sports, Inc., 581 So.2d 414 (Ala. 1991)), we are constitutionally prohibited from restricting the legislature from restoring civil and political rights. "[T]he judicial [department] shall never exercise the legislative and executive powers, or either of them. . . ." § 43. As Chief Justice Marshall wrote in Marbury v. Madison, *Page 1346 
5 U.S. (1 Cranch) 137, 179, 2 L.Ed. 60 (1803): " '[The] framers of the [United States Constitution] contemplated that instrument as a rule for the government of courts, as well as of the Legislature.' " (Emphasis in original.) I believe that the framers of the Alabama Constitution contemplated that instrument as a rule for the government of the judicial branch as well as for the legislative branch of state government. Ala. Const. of 1901, Art. I, § 35; Art. III, §§ 42 and 43.
STEAGALL, J., concurs.